**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JULIE COULTER,

Plaintiff,

v.

EAST STROUDSBURG UNIVERSITY and ROBERT J. DILLMAN,

Defendants.

CIVIL ACTION NO. 3:11-2065

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion to Dismiss Plaintiff's Amended Complaint (Doc. 9) filed by Defendants East Stroudsburg University and Robert Dillman. This is the second action filed by Plaintiff relating to disciplinary proceedings commenced against her while she was a student at East Stroudsburg University ("ESU"). In the prior action, Plaintiff obtained preliminary injunctive relief from this Court which enjoined Defendants from preventing Plaintiff from finishing the 2010 spring semester at ESU. Defendants subsequently appealed the matter to the United States Court of Appeals for the Third Circuit. Ultimately, the Third Circuit determined that the matter was moot and remanded the case back to this Court "with a direction to dismiss." Following the mandate of the Third Circuit, the prior action was dismissed on February 15, 2011. Plaintiff, after her attempt to vacate the dismissal and re-open the prior case was denied by this Court and the Third Circuit, proceeded to file this action, which is predicated on the same set of facts as the previously dismissed case. Defendants have now moved to dismiss the action for lack of subject-matter jurisdiction. Because Plaintiff has not demonstrated that the Court can resolve this dispute in light of the Third Circuit's mandate to dismiss the prior action, the case will be dismissed for lack of subject-matter jurisdiction.

### I. Background

As set forth in Plaintiff's Amended Complaint, this is the second action filed by Plaintiff Julie Coulter against ESU and Robert Dillman for their alleged denial of her

constitutional rights. (Doc. 1, "*Am. Compl.*", ¶ 15.) Specifically, Plaintiff alleges that Defendants denied her due process when she was suspended from ESU prior to the completion of the administrative disciplinary hearing process. (*Id*.)

The facts relevant to the instant motion to dismiss are as follows:

Plaintiff commenced the initial action on or about April 25, 2010 after she was informed that she would not be allowed to complete the 2010 spring semester at ESU. (*Coulter v. East Stroudsburg Univ.*, No. 10-CV-877, Doc. 1.) On May 3, 2010, this Court held a hearing on Plaintiff's motion for a preliminary injunction. (*Am. Compl.*, ¶ 16.) Two days later, on May 5, 2010, the Court granted Plaintiff's motion. (*Id*. at ¶ 17.) Defendants subsequently filed a Notice of Appeal with the Third Circuit from the May 5, 2010 Order granting Plaintiff's motion for a preliminary injunction. (*Id*. at ¶ 18.)

On December 3, 2010, the Office of the Clerk for the United States Court of Appeals for the Third Circuit sent the parties a letter indicating concern that the appeal was moot because Plaintiff had taken her final exams and completed the spring 2010 semester. (*Pl.'s Br. Opp'n Mot. Dismiss*, Ex. A.) In response, Plaintiff "concur[red] that the matter [was] moot." (*Id*. at Ex. B.) Accordingly, on January 3, 2011, the Third Circuit:

> ORDERED and ADJUDGED that the appeal taken by appellant-defendant be, and is hereby, moot, it is further
>
> ORDERED and ADJUDGED that this matter be remanded to the District Court with a direction to dismiss. United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950).

(*Defs.' Br. Supp. Mot. Dismiss*, Ex. C.)

Following the mandate of the Third Circuit, this Court, on February 15, 2011, dismissed Plaintiff's case. (*Id*. at Ex. D.) Plaintiff subsequently sought to vacate the dismissal and re-open her case, but her request was denied because she failed to cite "authority for the proposition that a trial court can contravene the direct and explicit mandate of an appellate court." (*Id*. at Ex. E.) Plaintiff then sought permission to appeal the denial of the motion to vacate and reopen the case, but the Third Circuit denied Plaintiff's request on October 5, 2011. (*Am. Compl.*, ¶¶ 24-25.)

Plaintiff next commenced the instant action asserting similar claims[1] against the same Defendants arising out of the same set of facts that were previously dismissed by the Court. (*Id.*) Specifically, Plaintiff asserts that she always intended to pursue her claims against Defendants for compensatory damages, attorneys' fees, and costs "regardless of the improvident dismissal of her case by the Court of Appeals." (*Id*. at ¶ 27.) Thus, Plaintiff asserts that she is entitled to pursue her claims for damages sought in the initial action. (*Id*.)

Defendants have now moved to dismiss Plaintiff's Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. In particular, Defendants argue that: (1) there is no case or controversy in light of the Third Circuit's order for this Court to dismiss the original action; (2) Plaintiff may not relitigate the lack of subject-matter jurisdiction; and (3) Plaintiff was not a prevailing party entitled to recover attorneys' fees under 42 U.S.C. § 1988. (*Defs.' Br. Supp. Mot. Dismiss*.) Defendants' motion has now been fully briefed and is ripe for disposition.

## II. Discussion

### A. Legal Standards

#### 1. Lack of Subject-Matter Jurisdiction

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal of an action is warranted when the Court lacks subject-matter jurisdiction over the case. *See* Fed. R. Civ. P. 12(b)(1). A "district court lacks subject-matter jurisdiction when the controversy becomes moot." *Goodman v. People's Bank*, 209 F. App'x 111, 113 (3d Cir. 2006). 12(b)(1) motions may take one of two forms: a facial attack to the sufficiency of the pleading or a factual attack. *See Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 788 (M.D. Pa. 2009). A factual attack involves a claim "that the court in fact lacks subject-matter jurisdiction, no matter what the complaint alleges." *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001) (citing *Mortensen v. First Fed. Sav.*

---

1 In this action, Plaintiff's Amended Complaint asserts two separate counts for attorneys' fees pursuant to 42 U.S.C. § 1988 which did not appear in the complaint in the first action.

*& Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

When subject-matter jurisdiction is factually challenged pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of persuasion. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *see also Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). This is a much more demanding standard than that applied to Rule 12(b)(6). *Id*. And, "[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction- its very power to hear the case- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. Thus, "in reviewing a factual attack, the court may consider evidence outside of the pleadings." *Gould Elecs.*, 220 F.3d at 176 (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)). As such, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim." *Mortensen*, 549 F.2d at 891.

**2. Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the ... claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L.

Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1949**.**

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the

motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**B. The Court Lacks Subject-Matter Jurisdiction Over This Action**

In their motion to dismiss, Defendants raise a factual challenge to Plaintiff's Amended Complaint. That is, Defendants argue that regardless of the facts alleged by Plaintiff, the Court lacks subject-matter jurisdiction over this action based on the Third Circuit's mandate to dismiss the prior case. *See NE Hub Partners,* 239 F.3d at 341. Furthermore, as Defendants seek dismissal of the Amended Complaint pursuant to Rule 12(b)(1), Plaintiff bears the burden of persuading the Court that subject-matter jurisdiction over this action is proper. *See Hedges*, 404 F.3d at 750.

Here, Plaintiff has failed to persuade the Court that it has subject-matter jurisdiction to resolve Plaintiff's claims for compensatory damages, fees, and costs. While Plaintiff argues that the Third Circuit "improvidently dismissed" all of her claims, (*Pl.'s Br. Opp'n Mot. Dismiss*), she fails to set forth any precedent that would allow this Court to disregard the direct mandate of an appellate court. And, Plaintiff's arguments against dismissal of this action are largely similar to those that the Court rejected in the prior action when Plaintiff sought to vacate the dismissal and re-open her case. (*Coulter v. East Stroudsburg Univ.*, 10-CV-877, Doc. 41.)

Also supporting dismissal of Plaintiff's Complaint is the fact that "[d]ismissal of a suit for lack of federal subject-matter jurisdiction precludes relitigation of the same issue of subject-matter jurisdiction in a second federal suit on the same claim." *Oglala Sioux Tribe v. Homestake Mining Co.*, 722 F.2d 1407, 1411 (8th Cir. 1983) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4402); *see also Temple v. Lumber Mut. Cas. Co.*, 250 F.2d 748, 752 (3d Cir. 1958) ("decisions by competent courts with respect to questions of jurisdiction over subject-matter are *res judicata* as to those items when one of

the same parties or their privies attempts to re-litigate the questions").[2] While Plaintiff argues that this action is not moot because she raises claims that have never been addressed by the Court, she is, essentially, seeking to relitigate a prior determination that this Court, by mandate of the Third Circuit, lacked subject-matter jurisdiction over these claims. And, because the facts underlying this action are identical to those asserted in the prior case, this Court must respect the Third Circuit's determination that the action is "'moot and therefore nonjusticiable as involving no case or controversy.'" *In re Buffets Holdings, Inc.*, 393 F. App'x 25, 28 (3d Cir. 2010) (quoting *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003)). In that regard, it would be anomalous to permit a party to an action dismissed as moot to commence a second action when the facts and circumstances underlying the recommenced action are exactly the same as they were when the initial case was dismissed. Thus, as Plaintiff has failed to provide any support for the position that she can defeat the Third Circuit's determination that this case is moot by simply commencing a "new" action,[3] she has failed to carry her burden of persuading the Court that subject-matter jurisdiction over this action is proper. Accordingly, Defendants' motion to dismiss will be granted.

**C. 42 U.S.C. § 1988**

Under 42 U.S.C. § 1988, the prevailing party in certain civil rights actions may recover reasonable attorneys' fees as part of the costs of suit. *See* 42 U.S.C. § 1988(b).

---

[2] Defendants also argue that the law of the case doctrine bars Plaintiff's attempt to relitigate the Third Circuit's decision that the action is moot. However, the law of the case doctrine "only applies within the same case- an identical issue decided in a separate action does not qualify as law of the case." *Farina v. Nokia Inc.*, 625 F.3d 97, 117 n.21 (3d Cir. 2010).

[3] Plaintiff's reliance on *Jersey Cent. Power & Light Co. v. New Jersey*, 772 F.2d 35 (3d Cir. 1985) is misplaced. In *Jersey Cent.*, the Third Circuit specifically remanded the case to the district court for a determination on damages and attorneys' fees. *See id*. In the prior action, however, the Third Circuit ordered the case be dismissed in its entirety. As such, *Jersey Cent.* is inapposite to resolution of the instant motion to dismiss.

Section 1988 provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs . . . ." *Id*.

In the Third Circuit, "relief obtained via a preliminary injunction can, under appropriate circumstances, render a party 'prevailing.'" *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 232-33 (3d Cir. 2008). Yet, "to be entitled to prevailing party fees based on interim relief, relief must be 'derived from some determination on the merits.'" *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (*en banc*) (quoting *J.O v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 274 (3d Cir. 2002)). However, "the 'merits' requirement is difficult to meet in the context of TROs and preliminary injunctions, as the plaintiff in those instances needs only to show a likelihood of success on the merits (that is, a reasonable chance, or probability, of winning) to be granted relief." *Id*. (citing *Hacket v. Price*, 381 F.3d 281, 290-91 (3d Cir. 2004)). And, the Third Circuit has emphasized that "a finding of the likelihood of success on the merits" is not a determination on the merits to justify an award of attorneys' fees under § 1988. *Id*. at 230 n.4.

As the Court has already determined that it lacks subject-matter jurisdiction over the action, it is unnecessary to resolve whether Plaintiff was the "prevailing party" in the prior action. Instead, the Court will simply point out that even if the Court has subject-matter jurisdiction over this action, Plaintiff may not be entitled to § 1988 attorneys' fees in this separately filed action for her success in the prior litigation. Specifically, Plaintiff argues that her "claims for compensatory damages, attorneys' fees and court costs were never addressed, [therefore] they continue to present a live controversy for which Plaintiff is properly pursuing in *the present action*." (*Pl.'s Br. Opp'n Mot. Dismiss*, 16.) But, to the extent that this is an independent action for fees, Plaintiff may not recover fees because "[u]nder the plain language and legislative history of § 1988, only a court in an action to enforce one of the civil rights laws listed in § 1988 may award attorney's fees." *N.C. Dep't of Transp. v. Crest St. Cmty. Council, Inc.*, 479 U.S. 6, 15, 107 S. Ct. 336, 93 L. Ed. 2d 188 (1986). Thus, because Plaintiff "brought an independent action for attorneys' fees" after the

original action was dismissed, *see id.*,[4] Plaintiff would likely be barred from recovering fees in this case for results achieved in the prior action. *See also Marino v. Bowers*, 657 F.2d 1363, 1365 n.2 (3d Cir. 1981) ("§ 1988 claim was dismissed because that section creates no independent cause of action"). However, because the Court lacks subject-matter jurisdiction over this action, the Court need not conclusively determine whether Plaintiff has stated a claim for attorneys' fees under § 1988.

**III. Conclusion**

For the above stated reasons, Defendants' motion to dismiss will be granted.

An appropriate order follows.

June 15, 2012
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

4 While *Crest St.* involved the voluntary dismissal of the original action by the plaintiffs, the Court's construction of § 1988 is likely still applicable to a case dismissed by mandate of an appellate court. *See Crest St.*, 479 U.S. at 15.